# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DUSTON OMAR MILLER,

        Plaintiff,

vs.

WILL HUBBARD and ANTONIO SCOTT,

        Defendants.

Case No. 2:16-cv-02051-RFB-GWF

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1), filed on August 29, 2016. Also before the Court is Plaintiff's Motion to Amend Complaint (ECF No. 5), filed on September 9, 2016[1] and Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 12), filed on June 29, 2017.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleges that Defendants violated his 5th and 14th Amendment rights to due process and 4th Amendment right to be free from unreasonable seizures. Plaintiff asserts that on or about January 5, 2016, Defendants Hubbard and Scott unreasonably arrested Plaintiff in connection with a robbery. Plaintiff further alleges that Defendant Hubbard engaged in malicious prosecution by tampering with still photographs taken from the convenience store's surveillance video. Specifically, Plaintiff asserts that Defendant Hubbard added a crescent shaped scar to the forehead of the individual seen in the video so that it would look like Plaintiff. Because of these alleged constitutional violations, Plaintiff asserts that he has been wrongfully confined and suffers damages as a result.

. . .

---

[1] Plaintiff's amended complaint will be the operative complaint for the purposes of this screening order.

**DISCUSSION**

I.  **Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

II. **Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule

12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Instant Complaint

#### A. Municipal Employee Liability Under § 1983

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.1995). Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991).

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Official-suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978).

State officials sued in their individual capacity are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Individual-capacity suits seek to impose personal liability upon a government official for actions the official takes under color of state law. *See Kentucky v. Graham*,

473 U.S. 159, 165 (1985). Liability in a individual-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Id.* at 166. The official in an individiual-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. *See Id.* at 166–67. Police officers, however, are not entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 418–19 (1976).

Here, Plaintiff brings this action against LVMPD officers Will Hubbard and Antonio Scott in both their individual and official capacities. Plaintiff alleges that Defendants Hubbard and Scott violated his Fifth and Fourteenth Amendment rights to due process and equal protection of the laws, as well as his Fourth Amendment right to be free from unreasonable seizures. These violations resulted from Defendant Hubbard's alleged tampering with a photographic still obtained from a surveillance video. Plaintiff claims that Defendant Hubbard added a crescent-like scar to the man in the surveillance video that is similar to Plaintiff's scar. This evidence was later used to arrest Plaintiff and prosecute him for the alleged robbery. Plaintiff argues that if not for the tampered evidence, there would not have been probable cause for his arrest.

### i. **Plaintiff's Official-Capacity Claims**

As discussed above, Plaintiff cannot maintain his suit against Defendants Hubbard and Scott in their official capacities because they are not persons for § 1983 purposes and Plaintiff failed to plead that a policy or custom of the governmental entity of which the officials were agents was the moving force behind the violation. The Court will therefore recommend that Plaintiff's official-capacity claims be dismissed with prejudice.

### ii. **Plaintiff's Individual-Capacity Claims**

To succeed on a Fourth Amendment claim, Plaintiff must demonstrate that he was arrested without probable cause. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). "Probable cause exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)). If the facts in Plaintiff's complaint are taken as true— that Defendant Hubbard fabricated evidence and that there was no other

evidence against Plaintiff—then Defendants Hubbard and Scott did not have probable cause to arrest Plaintiff. Because of this and the fact that Defendants Hubbard and Scott were alleged to be acting under color of state law in their official capacity as Las Vegas Metropolitan Police Officers, the Court finds that Plaintiff's Fourth Amendment Claim may proceed.

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest. After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Plaintiff's due process claim asserts the same factual circumstances that give rise to his Fourth Amendment claim. Therefore, it must be dismissed. *See United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *See also Graham*, 490 U.S. at 394.

To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir.1994) (emphasis in original) (citation omitted). Here, Plaintiff alleges that his equal protection rights were violated because Defendant Hubbard tampered with the evidence in his case, which was "(A DIFFERENCE IN TREATMENT ON A BASIS OTHER THAN INDIVIDUAL MERIT)". *Complaint* (ECF No. 5-4), pg. 5. However, Plaintiff does not specify any protected class or allege any facts to suggest that defendant "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194. Therefore, the Court will dismiss Plaintiff's equal protection claim with leave to amend.

Finally, Plaintiff's Fifth Amendment claim suffers from fatal flaws. The Fifth Amendment

5

does not apply to the states, rather it only applies to conduct by the Federal Government. *See Capital City Dairy Co. v. Ohio*, 183 U.S. 238 (1901). Defendants Hubbard and Scott are state officials and therefore, the Fifth Amendment does not govern their conduct. Clearly, Plaintiff cannot cure his complaint as it relates to the Fifth Amendment. The Court, therefore, recommends that the Fifth Amendment claim be dismissed with prejudice.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #2857309), in the

1 | months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and
2 | $50 administrative fee) filing fees have been paid for this action.  The Clerk of the Court shall send a
3 | copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of
4 | this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,
5 | P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment claims in his Complaint (ECF No. 5-1) may proceed against Defendants Hubbard and Scott, in their individual capacity.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (ECF No. 5-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 5) and Motion for Leave to File Second Amended Complaint (ECF No. 12) are **granted**.

. . .

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **October 27, 2017** to file an amended complaint correcting the noted deficiencies regarding his Fourteenth Amendment Equal Protection claim.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Fifth and Fourteenth Amendment Due Process claims against Defendants Hubbard and Scott in their individual-capacity be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendants Hubbard and Scott in their official capacity be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge