# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DUSTON OMAR MILLER,           )
                              )
        Plaintiff,           )   Case No. 2:16-cv-02051-RFB-GWF
                              )
vs.                           )   **ORDER AND REPORT**
                              )   **AND RECOMMENDATION**
WILL HUBBARD, *et al.*,       )
                              )
        Defendants.          )
_____)

      This matter is before the Court on the screening of Plaintiff's Second Amended Complaint (ECF No. 18), filed on October 16, 2017. Also before the Court are Plaintiff's Motion for Leave to Enlarge Civil Complaint (ECF No. 19) and Motion for Special Request (ECF No. 20), filed on October 16, 2017.

## BACKGROUND

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated his 5th and 14th Amendment rights to due process and 4th Amendment right to be free from unreasonable seizures. Plaintiff asserts that on or about December 30, 2015, Defendant Scott unreasonably arrested Plaintiff in connection with a robbery. Specifically, Plaintiff asserts that Defendant Scott pulled him over for a traffic violation, removed Plaintiff from his vehicle and subsequently arrested him on an unrelated robbery offense without probable cause. Plaintiff further alleges that Defendant Hubbard engaged in malicious prosecution by tampering with still photographs taken from the convenience store's surveillance video. Plaintiff asserts that Defendant Hubbard added a crescent shaped scar to the forehead of the individual seen in the video so that it would look like Plaintiff. Because of these alleged constitutional violations, Plaintiff asserts that he has been wrongfully confined and suffers damages as a result.

**I.     Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### II.     Instant Complaint

#### A.     Municipal Entity Liability Under § 1983 - *Monell* Claim

Section 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. Here, Plaintiff asserts that

> At all times referenced herein, there was a policy, practice and custom promulgated by LVMP [sic], and the Las Vegas Metropolitan Police Department, which shows a deliberate indifference to violating my right to be free from unreasonable seizure and as a result staff employed by Las Vegas Metropolitan Police Department feel empowered to violate the constitutional rights of individuals.
>
> At all times referenced herein, the Las Vegas Metropolitan Police Department, had the duty, authority and obligation to properly train its employee's and reprimand or terminate those who violate constitutional rights guaranteed to all individuals.

*Second Amended Complaint* (ECF NO. 18), 4. These general allegations are not sufficient to state a *Monell* claim against LVMPD. Plaintiff must *specifically* allege what policy, practice or custom LVMPD had implemented that caused its officers to violate the constitutional rights of others. Therefore, the Court will dismiss the § 1983 claim against LVMPD without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

**B.     Municipal Employee Liability Under § 1983**

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.1995). Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991).

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Official-suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978).

State officials sued in their individual capacity are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Individual-capacity suits seek to impose personal liability upon a government official for actions the official takes under color of state law. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a individual-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Id.* at 166. The official in an individiual-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. *See Id.* at 166–67. Police officers, however, are not entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 418–19 (1976).

Here, Plaintiff brings this action against LVMPD officers Will Hubbard and Antonio Scott in both their individual and official capacities. Plaintiff alleges that Defendants Hubbard and Scott violated his Fourth Amendment right to be free from unreasonable searches and seizures as well as his Fourteenth Amendment rights to due process and equal protection of the laws. These violations occurred first when Defendant Scott performed a traffic stop of Plaintiff's vehicle. Once Defendant Scott stopped Plaintiff's vehicle, Plaintiff was told to vacate the vehicle based on information that the

vehicle had been associated with a "grand larceny."  Plaintiff was allegedly never advised that he was free to leave once he exited the vehicle and was later arrested as a suspect to an unrelated robbery. Plaintiff argues that Defendant Scott did not have the requisite probable cause during the traffic stop to arrest Plaintiff and therefore, his Fourth Amendment right was violated.  In addition, Plaintiff argues that his Fourth and Fourteenth Amendment rights were violated based on Defendant Hubbard's alleged tampering with a photographic still obtained from a surveillance video.  Plaintiff claims that Defendant Hubbard added a crescent-like scar to the man in the surveillance video that is similar to Plaintiff's scar.  This evidence was later used to arrest Plaintiff and prosecute him for the alleged robbery.  Plaintiff argues that if not for the tampered evidence, there would not have been probable cause for his arrest.

            i.        **Plaintiff's Official-Capacity Claims**

As discussed above, Plaintiff cannot maintain his suit against Defendants Hubbard and Scott in their official capacities because they are not persons for § 1983 purposes and Plaintiff failed to plead that a policy or custom of the governmental entity of which the officials were agents was the moving force behind the violation.  The Court will therefore dismiss Plaintiff's official-capacity claims without prejudice with leave to amend.

            ii.       **Plaintiff's Individual-Capacity Claims**

To succeed on a Fourth Amendment claim, Plaintiff must demonstrate that he was arrested without probable cause. *See Graham v. Connor*, 490 U .S. 386, 388 (1989). "Probable cause exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)).  If the facts in Plaintiff's complaint are taken as true— that Defendant Hubbard fabricated evidence and that Defendant Scott did not have any evidence implicating Plaintiff as the perpetrator of the robbery at the time of his arrest—then Defendants Hubbard and Scott did not have probable cause to arrest Plaintiff.  Because of this and the fact that Defendants Hubbard and Scott were alleged to be acting under color of state law in their official capacity as Las Vegas Metropolitan Police Officers, the Court finds that

Plaintiff's Fourth Amendment Claim may proceed.

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest. After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Plaintiff's due process claim suffers from the same deficiencies referenced in the Court's original screening order. Specifically, Plaintiff's Fourteenth Amendment claim asserts the same factual circumstances that give rise to his Fourth Amendment claim. Therefore, it must be dismissed. *See United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *See also Graham*, 490 U.S. at 394.

To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir.1994) (emphasis in original) (citation omitted). Plaintiff's second amended complaint suffers from the same deficiencies as his first. Plaintiff has not adequately established that he is a member of a protected class and that Defendants Hubbard and Scott discriminated against him because of his association with that class. Therefore, the Court will dismiss Plaintiff's equal protection claim with leave to amend.

**C.     Plaintiff's Eighth Amendment Claim**

Plaintiff alleges that the officers violated his Eighth Amendment right to be free from cruel and unusual punishment when they allegedly used excessive force in executing his arrest. *Complaint* (ECF No. 1-1). The Eighth Amendment does not give rise to a claim by a pretrial detainee. *Graham*

*v. Connor*, 490 U.S. 386, 398–99, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989)(stating that the "Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")(quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977)). The Eighth Amendment is only implemented post-conviction, when the injury suffered is "part of the total punishment to which the individual is being subjected for his crime." *Ingraham*, 430 U.S. at 669. Because Plaintiff is alleging that the defendant officers allegedly used excessive force during his initial arrest and not after his conviction, Plaintiff's claim does not fall under the Eighth Amendment. *Id.* Therefore, the Court will dismiss Plaintiff's Eighth Amendment claim without prejudice.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his third amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an third amended complaint, the original pleadings no longer serve any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of a third amended complaint. Rather, the Court will need to conduct an additional screening of the third amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file a third amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the third amended complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Fourth Amendment claims in his Second Amended Complaint (ECF No. 18) may proceed against Defendants Hubbard and Scott, in their individual capacity.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants Hubbard and Scott and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las

1  Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the
2  U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were
3  served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant,
4  then a motion must be filed with the court identifying the unserved defendant, specifying a more
5  detailed name and address and indicating whether some other manner of service should be used.
6  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within
7  ninety (90) days from the date that the complaint was filed.

8     **IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint is **dismissed**
9  without prejudice with leave to amend.  Plaintiff shall have until **April 23, 2018** to file a third
10 amended complaint correcting the noted deficiencies regarding his Fourteenth Amendment Equal
11 Protection claim and *Monell* claims against LVMPD and Defendants Hubbard and Scott in their
12 official capacities.  Plaintiff may also attempt to amend his Eighth Amendment claim if he believes
13 he can do so.

14    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to Enlarge Civil
15 Complaint (ECF No. 19) is **granted**.

16    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Special Request (ECF No. 20) is
17 **denied**.
18 . . .
19 . . .
20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Fourteenth Amendment Due Process claim be **dismissed** with prejudice for failure to state a claim upon which relief may be granted.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of March, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge