UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DUSTON OMAR MILLER,

    Plaintiff,

v.

WILL HUBBARD, *et al.*,

    Defendants.

Case No. 2:16-cv-02051-RFB-GWF

**ORDER**

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. ECF No. 24. For the reasons below, the Court grants the motion and dismisses the case.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Plaintiff's operative complaint that are relevant to his Fourth Amendment claims against Defendants Antonio Scott and Will Hubbard.

### A. Unlawful Seizure

On December 30, 2015, Defendant Scott pulled Plaintiff over in his vehicle for a traffic violation. During the traffic stop, Las Vegas Metropolitan Police Department dispatch informed Scott that Plaintiff's vehicle had been logged in a grand larceny on November 10, 2015. Scott did not have or obtain any other evidence that Plaintiff committed or participated in the reported grand larceny.

Upon the arrival of several other police officers, Scott asked Plaintiff and passengers to exit the vehicle. Scott searched Plaintiff, handcuffed him, and sat him on the curb. Scott received Plaintiff's consent to search the vehicle. Scott did not tell Plaintiff he was free to leave.

Sixty-five minutes after pulling Plaintiff over, Scott read Plaintiff's Miranda rights and began questioning him about the reported grand larceny. At that time, Scott and other officers were approached by a civilian named Alberto Mota, who provided a Be on the Lookout ("BOLO") sheet containing pictures of suspects, describing the suspect vehicle, and briefly describing a reported armed robbery on November 20, 2015. Mota reported that he recognized Plaintiff's vehicle as the one used in the robbery. However, Mota was not a victim or witness of the alleged robbery.

Scott stated in his report that the BOLO sheet clearly showed Plaintiff as a suspect. However, the officers' report of the November 20, 2015 robbery stated that the suspects were unknown. Therefore, the BOLO sheet could not have shown Plaintiff.

Plaintiff was transported to a station house, transported to a detention center, booked, and placed in a jail cell.

### B. Fabrication of Evidence

Defendant Hubbard fabricated a date and time stamp in a photo still. Hubbard used the fabricated document to implicate Plaintiff in the alleged robbery. This fabricated document further effectuated the seizure, arrest, and imprisonment of Plaintiff.

### C. PROCEDURAL BACKGROUND

Plaintiff filed the instant § 1983 action on August 29, 2016 and filed the operative amended complaint on October 16, 2017. ECF Nos. 1, 18. The Court screened and dismissed Plaintiff's claims except his Fourth Amendment claims against Defendants Scott and Hubbard. ECF Nos. 21, 27. Defendant filed the instant Motion to Dismiss on April 24, 2018. ECF No. 24.

The Court takes judicial notice of the fact that a jury convicted Plaintiff of six counts of burglary, five counts of grand larceny, one count of conspiracy to commit robbery, three counts of robbery, and one count of battery resulting in substantial bodily harm on February 14, 2018. ECF

No. 24-2. At a hearing held November 7, 2018, Plaintiff represented to the Court that his convictions became final on July 23, 2018. He also represented that he intends to file a state habeas petition challenging his conviction on the same grounds identified in this case.

**D. LEGAL STANDARD**

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

**E. DISCUSSION**

At this time, Plaintiff's Fourth Amendment claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that § 1983 suits are "not appropriate vehicle" for actions "that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Id. at 486. This is true even though "petitioner seeks not immediate or speedier release, but monetary damages." Id. at 481. So long as "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the § 1983 action must be dismissed. Id.; see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

Plaintiff alleges that Scott did not have probable cause to seize him on the mere basis of the dispatch's vehicle report. However, as a direct result of this allegedly unlawful seizure or arrest, a civilian saw the scene and approached officers with the BOLO sheet. The officers' investigation of the November 20, 2015 robbery therefore directly flows from the challenged arrest, and Plaintiff's allegation implicates the validity of the resultant convictions.

Plaintiff alleges that Hubbard fabricated evidence used to implicate him in the robbery for which he was later convicted. A finding that Hubbard did indeed fabricate evidence would necessarily imply that Plaintiff's robbery conviction was invalid.

Therefore, Plaintiff's claims against both Hubbard and Scott are inappropriate for a § 1983 action, unless and until Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

Because Heck is dispositive in this case, the Court does not reach the question of collateral estoppel.

**F. CONCLUSION**

IT IS THEREFORE ORDERED that the Motion to Dismiss (ECF No. 24) is GRANTED. The Clerk of Court is instructed to enter judgment in favor of Defendants and close this case.

DATED this 7th day of November, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE